## STATE *vs.* WILLIAM HANEY.

Where a homicide was committed in November, 1865, and it appeared
    that the prisoner and deceased belonged to the same army, and that
    the quarrel which preceded the homicide did not grow out of "any
    war duties or war passions," but out of a private transaction between
    the parties; *it was held*, that in such a case the amnesty act did not
    apply.

Where a bill of indictment for murder did not allege the time of the
    death, nor that it occurred within a year and a day from the time when
    the wound was inflicted, but used these words, " of which said
    mortal wound the said J H. did languish, and then and there did die;"
    *Held*, that the charge in the indictment was sufficient; especially under
    the act of the General Assembly, Rev. Code, chap. 35, secs. 15 and 20.
    [*State* v. *Orrell*, 1 Dev. 139, cited and approved.]

This was an indictment for murder, tried before *Henry, J.*,
at Spring Term, 1872, of YANCEY Superior Court.

The prisoner was charged with the murder of James Haney.
The evidence was that the homicide was committed in Novem-
ber, 1865.

The quarrel grew out of a misunderstanding concerning a discharge which the deceased had purchased from the prisoner, and which the deceased desired the prisoner to take back, and to give up a pistol, &c., &c. The prisoner refused to recant the trade, and an altercation took place in which the deceased was shot and killed by the prisoner. It was agreed by the Solicitor and the prisoner's counsel, that the deceased and prisoner, in the early part of the war, both belonged to the Confederate army, and that afterwards they both joined the Federal army, from which they had both been discharged, and returned to their homes sometime prior to the homicide.

Prisoner moved for his discharge under the amnesty act, which was refused by the Court. Under a charge from the Court the jury found a verdict of guilty. Judgment of death was pronounced, from which prisoner appealed to this Court.

*Attorney General* and *Battle*, for the State.
*Ovide Dupre*, for prisoner.

READE, J. There is no reason to suppose that the homicide grew out of any "war duties or war passions," so as to bring it within the benefit of the amnesty act. Long after the war was over, but prior to 1st January, 1866, the parties quarrelled about a trade which they had made while they were soldiers, and the prisoner killed the deceased. They were not enemies during the war, but were together in the same army on the same side, so that the transaction about which they subsequently quarrelled was, not an act of hostility but of friendly dealing. We are of the opinion that the amnesty act does not apply. *State* v. *Blalock*, Phil. R. ; *State* v. *Shelton*, 65, N. C. R.

There was a motion in arrest of judgment in this Court, upon the ground that the indictment did not charge the *time* of the *death* of the deceased, nor that it was within a year and day from the time when the wound was inflicted. The objec-

tion would be fatal if it were sustained by the fact, for " if the death did not take place within a year and a day of the time of receiving the wound, the law draws the conclusion that it was not the cause of death." In *State* v. *Orrell,* 1 Dev. R. 139, the language in the indictment was, " of which said mortal wound the said Penelope Orrell died." It did not state when or where she died, nor did it state that she then and there instantly died, as is usual to state. In that case the indictment was held to be bad, and judgment was arrested.

The case before us differs from that in this: " Of which said mortal wound the said James Haney then and there did languish and then and there did die." It is to be regretted that there should ever be negligent departures from established forms, and, in capital cases especially, experiments are very reprehensible; but still we think the indictment sufficient. " Then and there died " distinguishes it from the case of *State* v. *Orrell, supra.* The usuall form is, " then and there instantly died." And it is insisted that the omission of " instantly " leaves the time of the death indefinite, and that it is made still more indefinite by the preceding words, " did languish." And that " then and there did languish " and " then and there did die," are inconsistent. From the omission of the word instantly, and from the insertion of " did languish," we infer that the deceased did not die immediately ; but still, from the words, " then and there died," we infer that he died at that place and on that day. This construction is in consonance with our statute, which provides that in criminal proceedings " judgment shall not be stayed by reason of any informality or refinement, if in the bill or proceedings sufficient matter appears to enable the Court to proceed to judgment." And again : " No judgment upon any indictment, &c., shall be stayed, &c., nor for omitting to state the time at which the offence was committed in any case where time is not of the essence of the offence, &c." Rev. Code, Chap. 35, Secs. 15 and 20.

There is no error. This will be certified to the end that there may be judgment and execution according to law.

PER CURIAM.                                    No Error.