## BROCKWAY *v.* STATE OF INDIANA.

[No. 23,959.   Filed January 31, 1923.]

1.   HOMICIDE.— *Pleading and Proof.— Variance as to Place of Death.*—A conviction of involuntary manslaughter is erroneous, where the affidavit, after setting forth the respective dates of the assault and battery and the death of the victim, laid the venue of both the stroke and the death in named county in Indiana, and the proof showed the death of the victim in another state.   pp. 657, 659.

2.   HOMICIDE.—*Elements.—Allegation of Place of Death.*—Notwithstanding the statute providing that when a stroke is given in one county and death occurs in another, the jurisdiction to try the cause shall be in either county, the allegation in the affidavit or indictment of the place of the victim's death is a material one, in view of §13 of the Bill of Rights, giving the accused the right "to demand the nature and cause of the accusation against him, and to have a copy thereof."   p. 658.

3.   INDICTMENT AND INFORMATION.—*Requisites.—Jurisdiction.— Certainty.*—An indictment or affidavit must not only show jurisdiction, but must also charge the offense with sufficient certainty that the court may know what judgment to pronounce, and that it may be pleaded in bar of a subsequent prosecution for the same offense, and that defendant may prepare himself to meet the charge.   p. 658.

From Tippecanoe Circuit Court; *Henry H. Vinton,* Judge.

Prosecution by the State of Indiana against Charles J. Brockway. From a judgment of conviction, the defendant appeals. *Reversed.*

*Gaylord & Sills* and *George P. Haywood,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White* and *Stuart, Simms & Stuart,* for the state.

TOWNSEND, J.—Appellant was convicted of involuntary manslaughter. The affidavit charged the assault and battery on September 5, and the death of the victim on October 21, 1919. The venue of both the stroke and the death is laid in Tippecanoe county, Indiana. The proof shows death of the alleged victim in the state of Ohio. So the first question is, Does this proof support the charge? Or, to put the question another way, Is place of death material? It is fundamental in criminal pleading that each material fact must be charged with reasonable certainty as to time and place. The Bill of Rights in our Constitution gives the accused the right "to demand the nature and cause of the accusation against him, and to have a copy thereof." This provision of our Bill of Rights arises from the English charters of liberty and from judicial decisions in England prior to the adoption of our Constitution, and the language used in the Bill of Rights had a meaning that had then been defined by the courts of England, and one phase of it was, that as to each material allegation the accused might be sufficiently informed to prepare his defense. It would be idle to have such a provision and then permit the state to misdescribe the place of a material occurrence, or to fail to describe the place with reasonable certainty.

The crime that we are here talking about is a composite one. The stroke does not make the crime. The

death does not make the crime. It is the composition of the two. Death must follow within a year and a day from the stroke, the injury being the cause of the death, or a contributing, or an accelerating cause. Where there is an altercation between two individuals and an assault and battery committed, it may well be that the one inflicting the injury does not deny the assault, and the injury may be apparently slight and of a transient character, so that when the accused makes his defense the battle ground of the case is whether the assault was the cause, or contributing cause, of death. It thus becomes obvious that one of the most important things for the defendant to know, in order to prepare his defense, is the place of death, because he has a right to show that the alleged victim who died is not the real victim of his assault; or, if the real victim, that death did not result because of the assault, but from some other cause. How can he find out these things unless he is informed of the place of death, in order that he may get the evidence of witnesses who know the facts?

We have a statute which provides that when a stroke is given in one county and death occurs in another, the jurisdiction to try the cause shall be in either county. The state therefore contends that when the accused is tried in the county of the stroke, the place of death is immaterial. That is to say, that the question is one of jurisdiction only. We think that it is more than this. The affidavit or indictment must show jurisdiction. It must also charge the offense with sufficient certainty that the court may know what judgment to pronounce, and with such certainty that it may be pleaded in bar of a subsequent prosecution for the same offense; and, further than this, with such certainty and particularity as to time and place of material averments that the defendant may prepare himself to meet

the charge. Thus it will be seen that the question is not one of jurisdiction alone

In *Ball* v. *United States* (1890), 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377, Mr. Chief Justice Fuller, in considering a case from the Eastern District of
1. Texas, wherein the indictment laid the place of assault in that district, but failed to lay the place of death, said, at page 136: "The accused is entitled to be informed of the nature and cause of the accusation against him, and jurisdiction should not be exercised when there is doubt as to the authority to exercise it. All the essential ingredients of the offense charged must be stated in the indictment, embracing with reasonable certainty the particulars of time and *place* (our italics), that the accused may be enabled to prepare his defense and avail himself of his acquittal or conviction against any further prosecution for the same cause. Hence, even though these defendants might have been properly tried in the Eastern District of Texas, if the fatal stroke were inflicted there, though the death occurred elsewhere, yet, nevertheless, the averment of the *place* (our italics) of death would still remain essential."

Now if we understand the state's contention in the instant case, it is that Chief Justice Fuller's decision is to be distinguished from the law of our state, because of the provision of our statute as to jurisdiction, to which we have previously referred; but an examination of Chief Justice Fuller's decision discloses that there is the same provision of the Federal statute, with reference to the judicial districts of the several states of the United States, that there is in our state with reference to counties. It therefore follows that to attempt to distinguish *Ball* v. *United States, supra,* from the law in our state is to make a distinction without a difference.

The affidavit in the instant case does worse than fail to charge the place of death, for it lays a false place. It seems to us that this, to some extent, destroys the identity of the *corpus delicti.* One of the cases which the state cites to sustain its contention that the place of death need not be alleged and, if alleged, need not be proved as alleged, is *State* v. *Bowen* (1876), 16 Kans. 475, an opinion by Mr. Justice Brewer. An examination of that case will disclose that he was there considering the question of jurisdiction only, and it is interesting to note that he was relying on Judge Campbell's dissenting opinion in *Tyler* v. *The People* (1860), 8 Mich. 320, and he says: "In the case of 8 Mich. is a dissenting opinion by Judge Campbell, whose judgment in criminal questions is entitled to the highest consideration, in which he holds the law to be, in the absence of statute, that jurisdiction to punish for the homicide is in the state and county in which the fatal blow was struck."

Now we have the opinion of Mr. Justice Campbell, whose learning and ability Mr. Justice Brewer commends, in the case of *Chapman* v. *The People* (1878), 39 Mich. 357, where he was considering in principle, the identical question that we have here. The information set forth that Chapman on November 12, 1876, at the township of Meridian, in Ingham county, made a felonious assault upon one`John F. Morley, which resulted in his death. The proof showed that Morley was removed to his home in Lansing, where he lived until November 27, 1876, and then died. Mr. Justice Campbell says, on page 358: "The difficulty which is presented does not relate to the frame of the indictment as a sufficient pleading, aside from the proofs." He then discusses the statutory modifications of the common law as to particularity in pleading. He then says, on page 359: "The difficulty here is that the offense is misdescribed

in two respects: *first,* in setting forth the assault and death as concurrent in time, and, *second,* in averring them—which would perhaps have necessarily followed— as concurrent in place." He then says: "The Legislature has never undertaken, and it is reasonable to suppose they never will undertake, to allow criminal charges to be so drawn as to mislead anyone concerning the offense which they purport to describe, and we have no statute which authorizes prosecutors to misdescribe or omit anything which at the common law was regarded as an essential element of the crime, whatever may be the case as to matters indifferent."

What we have said concerning *State* v. *Bowen, supra,* is true of *Albright* v. *Territory of Oklahoma* (1902), 11 Okla. 497, 69 Pac. 789, which follows and copies nearly all of the opinion of Mr. Justice Brewer. It is interesting to note that the Mr. Justice Brewer who wrote the opinion of *State* v. *Bowen, supra,* was an Associate Justice on the Supreme Bench of the United States at the time that *Ball* v. *United States, supra,* from which we have quoted, was decided.

The state also relies on *Roberson* v. *State* (1900), 42 Fla. 212, 28 So. 427. The writer of the principal opinion in that case did not agree with the majority of his associates but thought that the rule adopted by the Supreme Court of the United States in *Ball* v. *United States, supra,* was correct and cited other authorities to sustain the same proposition, one of which was *Chapman* v. *People, supra,* to which we have previously referred. The state also cites in its supplemental brief, *State* v. *Blakeney* (1890), 33 S. C. 111, 111 S. E. 637. This authority does not sustain the state's contention but holds just the opposite and is in accord with 140 U. S., *supra,* and 39 Mich., *supra.* See, also, *State* v. *Coleman* (1882), 17 S. C. 473, wherein the court held that the statutory modifications of the common law as

to jurisdiction, did not dispense with the allegation of the place of death.

It follows from what we have said that the judgment must be reversed, and appellant's motion for a new trial sustained. Other questions are presented with reference to instructions claimed to be erroneous, and with reference to the introduction of other evidence over objections. Inasmuch as a reversal of the case does not withdraw appellant's plea of not guilty, and inasmuch as the affidavit may not be amended ahead of his plea, it is fair to assume that the state cannot prove the venue of death as laid. Therefore it will be unnecessary for us to consider any other question.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial.