KRAUSS v. STATE OF INDIANA

[No. 28,282. Filed June 18, 1947.]

*Floyd G. Christian* and *Ralph H. Waltz,* both of Noblesville, and *Cleon W. Mount,* of Tipton, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merle M. Wall,* Deputy Attorney General, for the State.

YOUNG, J.—Appellant was charged with murder by a Tipton County grand jury. Venue was changed to Hamilton County where trial resulted in conviction and judgment from which this appeal was taken. Alleged errors relied on consist of permission to the State to amend the indictment and in the giving of two instructions.

It is not necessary to set forth the entire indictment. It is sufficient to say that it was alleged that appellant, on May 20, 1943, in Tipton County, Indiana, unlawfully, feloneously and with premeditated malice killed and murdered one Lora Ida Smith by shooting her, thereby inflicting a mortal wound, "of which said mortal wound the said Lora Ida Smith, languishing until the 21st day of May, 1943, then and there died *in Madison County, State of Indiana.*" The amendment complained of consisted of inserting the words italicized above. The amendment occurred after the case had been venued to Hamilton County. Appellant objected to the amendment and moved to strike it out but his objection and motion were overruled by the court. An Indiana statute provides that the court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of defendant, or defendants, or of the crime sought to be charged. § 9-1133, Burns' 1942 Replacement. As stated in *Edwards* v. *State* (1942), 220 Ind. 490, 492, 44 N. E. (2d) 304, "This statute and similar modern statutes of other states evidence an intent to eliminate the effect of technical and formal defects which do not prejudice a defendant or affect his substantial rights, on the theory that in the development of the administration of justice,

narrow technical formalism should be eliminated to the end that substantial justice may be attained."

In *Peats* v. *State* (1938), 213 Ind. 560, 567, 12 N. E. (2d) 270, this court indicated that where the matter as to which an indictment is amended is not of the essence of the offense, such amendment does not alter the indictment in any material respect and falls within the statute permitting amendments of indictments. It is provided by statute that where a mortal wound is administered in one county and death therefrom ensues in another the jurisdiction is in either county. § 9-211, Burns' 1942 Replacement. The indictment in this case, both before and after amendment, alleges that appellant shot his victim in Tipton County. That gave Tipton County jurisdiction to prosecute him for murder whether his victim died in that county or another. It would follow, therefore, that the fact that his victim died in Madison County, instead of Tipton County, was not of the essence of the offense and therefore the amendment alleging death in Madison County did not alter the indictment in any material respect. The change did not go to the substance of the charge but only to its form. It did not change the name or identity of the defendant or of the crime sought to be charged. The defendant was not and could not have been harmed and we hold that the court did not err in permitting the amendment.

The court gave the jury trying the case the following instruction, to which adequate objection was made at the time:

"If the killing of the person mentioned in the indictment has been satisfactorily shown by the evidence, beyond all reasonable doubt, to have been the act of the defendant, then the law presumes it to have been murder, provided the jury further believe from the evidence, beyond a reasonable doubt,

that no circumstances existed excusing or justifying the act, or mitigating it so as to make it manslaughter."

Appellant urges the giving of this instruction as reversible error, and this court has held an instruction in identical language to be erroneous and basis for reversal. *Miller* v. *State* (1944), 223 Ind. 50, 56, 58 N. E. (2d) 114. As stated by this court in the case just cited, "the 'law' never presumes murder upon any state of facts." Then, too, premeditated malice is fundamental in the offense with which appellant was charged and of which he was convicted and reference to this element is omitted. We adhere to *Miller* v. *State* and hold that the giving of this instruction was reversible error.

The State contends that the evidence clearly shows that the defendant was guilty and that therefore the giving of this instruction in this particular case was harmless. We have read the evidence and might be disposed to agree with the State, but that was for a properly instructed jury, not us, to decide. The State also contends that other instructions were given which cured the error in the instruction under discussion. In *Miller* v. *State, supra,* this same contention was made and it was held, at page 57, that the giving of another instruction clearly defining murder did not correct the erroneous one, and in support of this proposition we cited the case of *Brannin* v. *State* (1943), 221 Ind. 123, 46 N. E. (2d) 599, and cases cited. See also *Hampton* v. *State* (1903), 160 Ind. 575, 578, 67 N. E. 442.

The court also gave to the jury trying this case the following instruction, to which adequate objection was made at the time:

"It is not necessary to prove the defendant guilty by testimony of witnesses who have seen the offense

committed, but such guilt may be established by proof of facts and circumstances from which it may be reasonably and satisfactorily inferred."

It seems to us that this instruction is clearly erroneous under the rule laid down by Judge Mitchell in *Cavender* v. *The State* (1890), 126 Ind. 47, 25 N. E. 875, where it is said that proof by circumstantial evidence must not only coincide with the hypothesis of guilt but must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every hypothesis of innocence. See also *Falk* v. *State* (1914), 182 Ind. 317, 321, and cases cited, 106 N. E. 354.

Judgment reversed and new trial ordered.

NOTE.—Reported in 73 N. E. (2d) 676.