### STATE OF INDIANA V. CARRIER.

[No. 29,362. Filed May 23, 1956.]

---

458

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Deputy Attorney General, *John Ready O'Connor,* Prosecuting Attorney and *Nick N. Kodrea,* Deputy Prosecuting Attorney, for appellant.

*Gretchen H. Cole,* of Vevay, *Paul R. Schnaitter,* of Madison, for appellee.

*M. C. Redwine,* of Winchester, Ky., *amicus curie.*

ARTERBURN, J.—The appellee was charged by indictment with a crime of murder in the first degree. She filed a motion to quash the indictment, on the point that it did not state a public offense with sufficient certainty. The motion was sustained by the court and the appellee discharged from custody by the court on the ground that the defect could not be cured by a new indictment.

The indictment charges that the appellee, Elizabeth Carrier, on June 15, 1955, did "unlawfully, feloniously, purposely, and with premeditated malice, kill and murder Clay Jones, by then and there feloniously, purposely and with premeditated malice, stabbing and mortally wounding the body and person of the said Clay Jones with a long-bladed knife, which she, the said Elizabeth Carrier, then and there had and held in her hands, from which wound the said Clay Jones thereafter being pronounced dead on arrival at the Milan Hospital, Milan, Ripley County, Indiana, . . ."

The court's order shows that it sustained the motion to quash "for the reason that the indictment fails to allege the place of death of the decedent, Clay Jones," and further stated "the court is of the opinion that the objection raised by the Motion to Quash cannot be avoided by a new indictment, and the defendant is herewith discharged."

The appellant, State of Indiana, contends that the question properly before this court on appeal is: "When a person has been charged with the crime of murder in the first degree and the place of death of the victim cannot be properly fixed, according to the evidence, [or is unknown], is it necessary for the State of Indiana to allege that the victim died at a certain place when such allegations cannot be proved either directly or circumstantially?"

The appellee contends the questions here arising are: "(1) As against a Motion to Quash, is an Indictment for Murder, which does not allege the place (or venue) of the *death* of the person claimed to have been murdered, sufficient? (2) As against a Motion to Quash, is an Indictment for Murder, which does not allege the death of a person claimed to have been murdered, sufficient?"

The court in this case saw fit to discharge the defendant from custody. The basis for the court's action in doing this was the assumption an indictment could not be drawn charging the appellee with murder when the place of death is unknown. From the allegations in the indictment the court drew the conclusion that the fatal blow was struck in Switzerland County and that the deceased died enroute to a hospital in Ripley County, the exact place of death being unknown. Counsel in oral argument before this court also admitted that the place of death was unknown and that an indictment could not be drawn alleging the county in which the alleged victim died.

Where a mortal wound has been given or poison administered in one county and death thereof ensues in another, the jurisdiction or venue may be laid in either county under the statutes of this state. Acts 1905, ch. 169, §8, p. 584, being §9-207, Burns' 1942 Replacement; Acts 1905, ch. 169, §12,

p. 584, being §9-211, Burns' 1942 Replacement; Acts 1905, ch. 169, §17, p. 584, being §9-216, Burns' 1942 Replacement.

It has never been necessary to allege the exact place in the county where the fatal blow or death occurred. The words "at and in said county," has always been held to be a sufficient allegation in charging an offense. *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270; *Hawkins* v. *The State* (1894), 136 Ind. 630, 36 N. E. 419; *Coger* v. *State* (1925), 196 Ind. 332, 147 N. E. 624; Acts 1905, ch. 169, §191, p. 584, being §9-1126, Burns' 1942 Replacement.

Likewise, if the character of the instrument used in the assault or killing is unknown, it may be accordingly alleged that it is unknown in the charge or indictment. *Waggoner* v. *State* (1900), 155 Ind. 341, 58 N. E. 190; *Peats* v. *State, supra* (1938), 213 Ind. 560, 12 N. E. 2d 270.

The appellant contends that the case of *Brockway* v. *State* (1923), 192 Ind. 656, 138 N. E. 88, 26 A. L. A. 1338, should be overruled and that its reasoning is unsound. In that case the appellant was charged with involuntary manslaughter. The venue of both the fatal stroke and the death was laid in Tippecanoe County, Indiana. The proof showed the death of the alleged victim was in the State of Ohio. The court held in that case that the allegation of the *place* of death was essential and material, and that a fatal variance resulted from the proof and the crime charged.

In *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676, the court held that an indictment may be amended to show correctly the place of death. The opinion in that case does not refer to the Brockway case, *supra*. In *Krauss* v. *State, supra* (1947), 225 Ind. 195, 73 N. E. 2d 676, a man was charged with

murder by striking the fatal blow in Tipton County from which blow he languished and " 'then and there died.' " The trial court permitted, over the objections of the defendant, an amendment by adding, " 'in Madison County, State of Indiana.' "

The court in the opinion in that case referred to the statute placing the jurisdiction in a charge of homicide in either county where the fatal blow was dealt in one county and the death occurred in another, and then, at page 198 of 225 Ind., stated:

> "It would follow, therefore, that the fact that his victim died in Madison County, instead of Tipton County, was not of the essence of the offense and therefore the amendment alleging death in Madison County did not alter the indictment in any material respect. The change did not go to the substance of the charge but only to its form. It did not change the name or identity of the defendant or of the crime sought to be charged. The defendant was not and could not have been harmed and we hold that the court did not err in permitting the amendment."

The Brockway case, *supra*, was based upon a United States Supreme Court case of *Ball* v. *United States* (1891), 140 U. S. 118, 11 S. Ct. 761, 35 L. Ed. 377. This history of this case shows that on a second appeal of the case to that court that its authority on the proposition that the place of death was a necessary allegation is placed in some doubt. *United States* v. *Ball* (1896), 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300.

Its standing is further weakened by the case of *Bostic* v. *Rives* (1939), (71 App. D. C. 2), 107 F. 2d 649. In that case the indictment for murder failed to allege the place of death.

The Federal Criminal Code provided:

> " 'In all cases of murder or manslaughter, the crime shall be deemed to have been committed at

the place where the injury was inflicted, or the poison administered . . . .' " Acts Mar. 4, 1909, ch. 321, §336, 35 Stat. 1152, Title 18 U. S. C. A. §553 (now §3236).

The court in *Bostic* v. *Rives, supra,* at page 651, said:

"We have examined the authorities cited by the appellant. In *Ball* v. *United States* (1891), 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377, it was apparently held that the omission to allege the place of death was a jurisdictional defect, but this was before the enactment of the statute quoted above; and the court expressly recognized the validity of *United States* v. *Guiteau, supra,* as applicable to the District of Columbia. Moreover, the apparent holding is inconsistent with *Knewel* v. *Egan, supra.*"

Indiana's statute on venue in such cases would compel us to the same reasoning.

The Brockway case, *supra,* to some extent, also may be distinguished from the case before us in the particular that there was no attempt made in that case to amend the indictment to conform to the proof. As stated in that case, an allegation of death is an essential allegation in a charge of homicide.

With the following statement in *Brockway* v. *State, supra* (1923), 192 Ind. 656, 657, 138 N. E. 88, 26 A. L. R. 1338, we are in full accord:

"The crime that we are here talking about is a composite one. The stroke does not make the crime. The death does not make the crime. It is a composition of the two. Death must follow within a year and a day from the stroke, the injury being the cause of the death, or a contributing, or an accelerating cause."

However, the court in its opinion, at page 658 of 192 Indiana, further stated:

"It thus becomes obvious that one of the most important things for the defendant to know, in order

to prepare his defense, is the place of death, because he has a right to show that the alleged victim who died is not the real victim of his assault; or, if the real victim, that death did not result because of the assault, but from some other cause. How can he find out these things unless he is informed of the place of death, in order that he may get the evidence of witnesses who know the facts?"

With this latter reasoning we do not agree. It would follow that the name of the undertaker, the attending physician, and even the place of burial should be an essential allegation in an indictment in order for the defendant to prepare his case.

Acts 1905, ch. 169, §192, p. 584, being §9-1127, Burns' 1942 Repl., provides that no indictment shall be quashed:

". . . .

"Second. For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment or affidavit.

". . . ."

In the case before us the venue was properly laid in Switzerland County, where the fatal blow is alleged to have been struck.

If the place of death is known it should be alleged, but if unknown to the grand jurors, it may be accordingly stated, if there are other allegations which properly fix the venue of the offense. If the place where the fatal blow was struck is properly alleged and is relied upon for the venue, then the fact that the place of death is unknown or that there may be a variance in the proof thereof will not be fatal unless it is made to affirmatively appear that the ac-

cused was mislead or prejudiced thereby. No person should escape punishment for murder because he is so clever as to conceal the instrument with which the fatal blow was struck or the place where the victim was killed or died.

The reasoning in the case of *Brockway* v. *State, supra* (1923), 192 Ind. 656, 138 N. E. 88, 26 A. L. R. 1338, is disapproved and that case is overruled to the extent stated. The trial court erred in ruling that because the place of death is unknown a proper indictment could not be drawn for murder, although the place the fatal blow was struck is known and is alleged. The judgment and order of the trial court is reversed and the trial court is directed to overrule appellee's motion to quash, to rescind its order discharging the appellee herein, and to permit the State upon application to amend the indictment by stating therein that the place of death of the said Clay Jones is unknown to the grand jurors.

Bobbitt, C. J., Emmert, Achor and Landis, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 688.