**330**

Wyvonia CARSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 779S177.

Supreme Court of Indiana.

April 28, 1980.

Bobby Jay Small, Indianapolis, Daniel W. Meehan, Cincinnati, Ohio, for appellant.

Theo. L. Sendak, Atty. Gen., Victoria R. VanDuren, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This Court rendered a decision previously in this case, reported as *Carson v. State* (1979), Ind., 391 N.E.2d 600. In that decision, this Court granted the State's petition to transfer, vacated the opinion of the Court of Appeals, 384 N.E.2d 620, and remanded this cause to the trial court with instructions to hold an evidentiary hearing to determine if certain pictures entered into evidence by the State had been retouched. We held, in that decision, that if the photographs were not in fact retouched, the denial of a continuance to enable defense counsel to procure expert testimony on the matter was harmless error. If, however, the pictures were the subject of tampering, a new trial was necessary. To accomplish this task, we ordered the trial court to release both the photographs and the negatives to defense counsel.

The record discloses that, although the photographs were released to the appellant, the negatives were missing and consequently could not be examined. Nevertheless, evidence that the pictures were fair and accurate representations of the victim's body was presented at the hearing before the trial court. Based upon this evidence, the trial court held that, although the negatives were not available, the evidence supported the fact that the photographs had not been retouched.

Reviewing the finding of the trial court, in accordance with our appellate standards, giving due regard to the prerogative of the trial court as a fact-finder, we hold there is sufficient evidence to support the finding of the trial court that the pictures were not retouched. Thus, any error that occurred when the trial court denied appellant's motion for a continuance during the trial was harmless error.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.