**STATE of Missouri, Appellant,**

v.

**Jeffrey Vincent ZERBAN, Respondent.**

No. 42897.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

George R. Westfall, Clayton, John Ashcroft, Atty. Gen., Kristie Green, S. Francis Baldwin, Asst. Attys. Gen., Jefferson City, for appellant.

W. Morris Taylor, Clayton, for respondent.

CRIST, Presiding Judge.

The State of Missouri appeals an order of the Circuit Court of St. Louis, County, Missouri sustaining defendant's motion to quash an indictment charging second degree murder for failure to allege that the victim died within a "year and a day of the stroke received." We affirm.

Defendant was originally charged under an indictment for assault which allegedly occurred on August 26, 1978 in St. Louis County. The victim of the alleged assault, John Paul Ladefian, died on January 18, 1980.

On March 28, 1980, a second indictment was returned, suspending and quashing the original indictment for assault and charging the defendant with second degree murder. Defendant moved to quash the second indictment on the ground that the "year and a day" rule barred his prosecution for second degree murder. On April 28, 1980, the trial courty sustained defendant's motion. The state appeals.

The state concedes that under Missouri common law, an indictment must allege that the victim died within a year and a day of the stroke received in order to hold the defendant guilty of homicide. See, *Larson v. State*, 437 S.W.2d 67, 68–69 (Mo. 1969). The state then argues that the "year and a day" rule should not be a bar to defendant's prosecution because it is a rule of evidence, not a rule of substantive law. This rule, the state claims, should be abolished as it is unsuited to our modern society. As authority for this contention, the state directs our attention to five states which have changed the rule by an act of the legislature or by an act of the court.

These states, noting the great technological advances in science and medicine, are California, New York, New Jersey, Pennsylvania, and Massachusetts. Missouri and the majority of the other jurisdictions, however, still follow the "common law year and a day" rule in homicide cases.

 The "year and a day" rule has existed in Missouri since 1820, the year Missouri became a state. It is true that medical science has advanced considerably since 1820, perhaps even to the point where the "year and a day" rule no longer "conform[s] to present day medical realities, principles of equity or public policy." *State v. Young*, 148 N.J.Super. 405, 372 A.2d 1117, 1121 (1977), see, *People v. Brengard*, 265 N.Y. 100, 191 N.E. 850 (1934); *Commonwealth v. Ladd*, 402 Pa. 164, 166 A.2d 501 (1960); *People v. Snipe*, 25 Cal.App.3d 742, 102 Cal. Rptr. 6 (1972). We know, however, of no compelling reason to change the Missouri rule. It is within the province of the Missouri Legislature to make any appropriate changes.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.