**Charles TIPPETT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 179S5.**

Supreme Court of Indiana.

Feb. 22, 1980.

Lawrence D. Giddings, Lebanon, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from convictions for robbery while armed pursuant to Ind.Code

§ 35–42–5–1 (West's Ind.Code Ann.), and habitual offender pursuant to Ind.Code § 35–50–2–8 (West's Ind.Code Ann.). Appellant received a ten year determinate sentence for the robbery and a separate and additional consecutive term of thirty years for habitual criminal.

Appellant Tippett raises several issues:

(1) Whether evidence which showed appellant committed another crime, separate and distinct from the charged offense, was proper.

(2) Whether the trial court erred in admitting three handguns.

(3) Whether the trial court properly gave Instruction No. 4 relating to the manner of considering accomplice testimony.

(4) Whether the trial court properly sentenced appellant.

The testimony of the State's witnesses described the robbery of a Clark Service Station in Lebanon, Indiana on February 14, 1978, at approximately 10:00 p. m. Appellant and one Heim, one wearing a ski-mask and the other a scarf over his face, entered the gas station, pointed handguns at the attendant, and made away with about $200.00, escaping in a car driven by a third armed man their companion Stucker. Later on the same night at 1:00 a. m. the three were arrested while driving in Indianapolis, Indiana as suspects in a robbery of a late night grocery store which had occurred on the same night. Handguns and a face mask similar to those used in the gas station robbery were seized from the person of Stucker and the floor of the vehicle. At trial Heim and Stucker testified for the prosecution against Tippett, and received favorable sentences in return.

## I.

Testimony was presented by accomplices Heim and Stucker and by the arresting officers from which the jury could have inferred that appellant had participated in the robbery of the Indianapolis grocery store after robbing the Clark Service Station. This testimony was the subject of a pre-trial defense motion in limine

and part of it was objected to by defense counsel and we find that the issue of the admissibility of such evidence has been properly preserved for appeal. Details of the grocery store robbery were not given, but the Indianapolis officer did refer to it as being the reason for his stopping three men and finding the handguns they carried and had in the car. Appellant complains that this testimony was improper in that it proved criminal conduct other than that for which appellant was being tried, *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; and in that it did not come within any of the various exceptions to such general rule for relevant evidence relating to such matters as purpose, intent, identity, and common scheme or plan. The State's case rested almost entirely upon the testimony of Heim and Stucker because the gas station attendant was unable to identify appellant at trial. The only other evidence tending independently to connect appellant to the service station robbery consisted of the handguns and some items of clothing being worn which were found in the car in possession of appellant and the others at the time of the arrest and which met only a general description given by the attendant. While clearly insufficient to convict proof that these same items were used by the three in perpetrating a robbery within two hours after the Clark Service Station robbery occurred is at once greatly significant corroboration of the testimony of the accomplices, and independently therefrom constitutes circumstantial evidence that they had earlier robbed the Clark Station. The situation here is similar in character to that faced by the Court in *Grimes v. State*, (1972) 258 Ind. 257, 280 N.E.2d 575. There the defendant was accused with having held up a gas station while driving a Ford with a plate identified by the victim. The defendant was arrested at a later date driving a Buick bearing that same plate, and at trial challenged evidence was permitted to show that the Buick had been stolen by him after the gas station robbery for the purpose of explaining to the jury that the victim had not been in error in identifying the car used in the holdup as a Ford. Such situations often

involve the commission of multiple crimes, *Hensley v. State*, (1969) 251 Ind. 633, 244 N.E.2d 225, or related crimes, *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843, wherein the two events are blended in various ways so as to render evidence of one proof of a fact in issue in the other. However, we have recognized that where that evidence is minimally necessary and relevant, and its propensity to inflame the injury and seriously impede the jury in making a fair evaluation of the case as a whole, it should be excluded by the trial court. *Feyerchak v. State*, (1978) Ind., 383 N.E.2d 1027.

 In the case at bar the later offense is closely related in time and place and gives significance to the joint conduct of the three men and to their possession of weapons and clothing useful in committing robberies. The offense was not described in detailed terms and was not therefore likely to have had a serious impact upon the ability of the jury to dispassionately consider the case. We conclude that it was not error to permit the allusions in the testimony to a separate robbery by appellant subsequent to the gas station robbery with which he was charged.

## II.

 Defense counsel objected to the introduction of the State's Exhibits 4, 5, and 6: a .22 caliber Hi-Standard pistol, a 7.65 millimeter automatic, and a 6.35 millimeter automatic, on the basis that no link was shown between the weapons and the crime occurring in Lebanon at the gas station. At trial the accomplices testified that the three, including appellant, had armed themselves in preparation for the robbery with several weapons including a .22 caliber target pistol and a .25 caliber automatic and that such weapons were used in the gas station robbery. Exhibits 4, 5 and 6 were taken from their joint possession three hours after that robbery. A police officer testified that .25 caliber ammunition is used in 6.35 millimeter weapons. The identification of these exhibits was established through this circumstantial evidence and

was sufficient as a foundation for their admission. *Pullins v. State*, (1970) 253 Ind. 644, 256 N.E.2d 553.

## III.

 The trial court accepted and read to the jury the State's Final Instruction No. 4 over the appellant's objection:

"An accomplice is one who, with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the state in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness.

"At the close of all the evidence and before submission of this cause to the Jury, the following objections to instructions were made:

MR. GIDDINGS: Defendant would take exception to the Court's refusal to give Defendant's tendered instructions 3, 4, 5, 6, 7, 8 and further defendant would object to the State's final instruction No. 4 on the grounds that it unfairly comments on the weight to be given to the witness' testimony and places that testimony on a higher level than the witnesses. That is all."

TR. p. 279.

In *Cherry v. State*, (1972) 258 Ind. 298, 280 N.E.2d 818, this Court reiterated the long-standing general rule that it is error for the court to give a jury an instruction which intimates an opinion as to the credibility of a witness or the weight to be given his testimony. In the case at bar the effect of the instruction while calling special attention to accomplice testimony did not offend this general rule, but instead simply informed the jury that it should apply the general rules regarding the manner of evaluating testimony to its consideration of accomplice testimony. The instruction did not suggest that accomplice testimony is on a different plane than other testimony. Therefore it was not error to give this

instruction. *Turner v. State*, (1972) 258 Ind. 267, 280 N.E.2d 621; *Schuster v. State*, (1912) 178 Ind. 320, 99 N.E. 422.

## IV.

Appellant has addressed a letter to this Court in which he seeks to add an issue not previously raised or briefed relating to the correctness of his sentence. The State has not had an opportunity to respond either in the trial court or this Court to that claim, and therefore we find that such issue has not been properly preserved or presented, and we do not address it.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.