James C. ENGLAND, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 86S00-8704-CR-428.

Supreme Court of Indiana.

Oct. 18, 1988.

E. Kent Moore, Donald Clementson-Mohr, Cooke Bache Moore Laszynski & Yeager, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

James C. England was convicted in the Warren Circuit Court on November 14, 1986 of burglary and theft and was found to be a habitual offender. He was sentenced to a total of fifty (50) years in prison. He directly appeals raising the following issues for our review:

1. whether the trial court erred in denying England's motion for directed verdict on the burglary charge;

2. whether the trial court erred in giving the State's final instruction No. 3;

3. whether the trial court erred in admitting an exemplified copy of England's 1969 Idaho conviction into evidence.

The facts most favorable to the verdict below show that shortly before 12:00 noon on July 21, 1982, James C. England and John David Trusty drove England's Ford van to the residence of Linda and Jerry Banning in Warren County, Indiana. The Bannings were not in the practice of locking their doors. On July 21, the Bannings had closed but not locked their doors when

they left for work that morning. England and Trusty exited from England's van and knocked on the front door. After they discovered that no one was home and that the door was not locked, they entered the Banning residence through the front door. England and Trusty took the Bannings' microwave oven and their color television and then left the scene. When Linda Banning returned to her residence, she discovered her television and microwave oven were missing but that there were no signs of forced entry. She telephoned the Sheriff's Department and reported that the items had been stolen. The Bannings had not consented to anyone entering their residence and removing the items.

England and Trusty drove to Vermillion, Illinois after they left the Banning residence and burglarized another home in the same way that they had burglarized the Banning residence. They were arrested by Captain Robert Cannon of the Vermillion County Sheriff's Department who pulled England and Trusty over after he received a radio dispatch of a house burglary. England's van was subsequently searched pursuant to a warrant. Inside the van the police discovered the Bannings' microwave oven and television and other items including two other televisions.

## I

England claims the trial court erred in denying his motion for directed verdict on the burglary charge because the State failed to present any evidence to prove the material element of breaking. He contends that the prosecutor responded to his directed verdict motion by misstating the evidence and that the circumstantial evidence introduced by the State did not sustain a legal inference of a breaking.

When used as a material element of the offense of burglary, "breaking" has a well settled meaning in Indiana:

The term "breaking" as used in our statute denouncing the crime of burglary does not imply the actual fracturing of or injury to a material part of a building, such as a door or window. It includes the putting aside of any material part of the building intended as a security against invasion, such as removing a window screen, ... breaking of a canvas shutter, ... or opening a closed door. *Barrick v. State* (1954), 233 Ind. 333, 339, 119 N.E.2d 550, 553–54 (citations omitted). *Accord Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 86, *cert. denied* (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349; *Howard v. State* (1982), Ind., 433 N.E.2d 753, 756. In order to establish that a breaking has occurred the State need only introduce evidence from which the trier of fact could reasonably infer that "the slightest force [was] used to gain unauthorized entry." *Trice v. State* (1986), Ind., 490 N.E.2d 757, 758–59. The opening of an unlocked door or window is sufficient to establish a breaking. *Trice*, 490 N.E.2d at 759.

At trial, the Bannings testified that when they discovered their residence had been broken into, they surveyed the area and found that their microwave oven and television had been stolen. Linda Banning testified that the door had been closed, but not locked, and that there were no signs of forced entry. The Bannings were not in the practice of locking their doors but had not given anyone permission to enter their home and remove the microwave and television. The stolen items were subsequently found in England's van after England and his accomplice were arrested in Illinois for the commission of another house burglary. Accomplice Trusty testified that he and England drove to the Banning residence in England's van. He stated that he and England drove up, got out and knocked. When they realized nobody was home, they went in. Once inside the Banning residence, they took a television and a microwave. Trusty also testified that he and England had committed other burglaries and that their method had been the same.

This evidence was clearly sufficient to prove the material element of breaking in that it established that England and Trusty opened the Bannings' door and entered their residence. While neither Linda Banning nor Trusty specifically testified that England went in the house through

the door, the testimony compels the infer-ence that entry was gained in this manner.

## II

England claims the trial court erred in giving the State's final instruction No. 3, which reads:

A conviction may be sustained primarily upon the testimony of an admitted accomplice. The testimony of accomplices do not lack probative value as a matter of law, and there [sic] credability [sic] and weight to be given to their testimony are questions properly left to the jury.

England argues that while an accomplice instruction is not improper *per se,* the instruction given here was improper because it singled out Trusty's testimony for special consideration by telling the jurors that they may convict the defendant on the accomplice's testimony.

■ This issue has been waived as a result of England's failure to make a timely objection to the State's final instruction. A defendant must lodge a timely objection to the giving of an instruction in order to preserve error for appeal. *Smith v. State* (1984), Ind., 459 N.E.2d 355, 357; *Williams v. State* (1979), 271 Ind. 476, 481, 393 N.E. 2d 183, 187. England's trial counsel did not object to this instruction until after the trial court had finished instructing the jury and the jury had begun deliberating.

■ Moreover, had this issue been properly preserved for review, this court would find no error in the trial court's reading the State's final instruction No. 3 to the jury. It is error to give a jury an instruction which intimates an opinion as to the credibility of a witness or the weight to be given his testimony. *See Cherry v. State* (1972), 258 Ind. 298, 280 N.E.2d 818. However, the instruction given here did not offend this general rule. While calling special attention to the accomplice testimony, the instruction simply informed the jury that it should apply the general rules regarding evaluating the weight and credibility of testimony to its consideration of the accomplice testimony. It did not suggest that accomplice testimony is on a different plane than other testimony. *See Johnson*

*v. State* (1982), Ind., 442 N.E.2d 1065, 1069; *Tippett v. State* (1980), 272 Ind. 624, 628–29, 400 N.E.2d 1115, 1118. It was not error to give this instruction.

## III

England claims the trial court erred in admitting State's exhibit 12 into evidence during the habitual offender phase of trial. Exhibit 12 was an exemplified copy of the commitment papers from England's 1969 Idaho plea of guilty to the offense of receiving stolen property. Exhibit 12 was admitted over objection that it was constitutionally invalid for sentence enhancement purposes because the guilty plea was obtained without the benefit of counsel and there was no showing of a valid waiver of that right. In support of this objection, defense counsel made an offer to prove that there had been no waiver and presented testimony by England. He testified that he did not have an attorney at any time in the Idaho proceeding, including at the time he pled guilty to the charge of receiving stolen property; that he never waived his right to an attorney; that he was indigent at that time; and that he needed an attorney because he did not understand what was happening. On cross-examination, the State elicited testimony from England that he had been in court charged with various offenses on numerous occasions prior to the Idaho proceedings, but that he did not have an attorney for any of those proceedings. England also testified he had not filed a petition for post-conviction relief, but that he had written to the Idaho court asking for a transcript of that proceeding and had been informed that none was available. England's objection was denied. The rationale for the decision given by the trial court in its order book entry was that "the defendant failed to meet burden of proof as the court believes that standard to exist." England here reasserts his constitutional challenge to exhibit 12. He acknowledges State's exhibit 12 shows he waived his right to counsel before pleading guilty, but he contends the exhibit fails to show the waiver was intelligent and knowing.

This court has stated in *Edwards v. State* (1985), Ind., 479 N.E.2d 541, 547 (citations omitted), *sentence modified* (1988), Ind.App., 518 N.E.2d 1137, *trans. denied:*

> The general rule is that the alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are regular on their face. The habitual offender hearing is not the proper forum to contest the validity of these prior convictions. The proper procedure to challenge this type of predicate conviction is for the accused to set aside the predicate conviction in a direct attack through appeal or post-conviction relief in the court of conviction.

However, the accused may challenge the predicate felony conviction in a habitual offender proceeding when the conviction is constitutionally invalid, that is, when (1) the court records reflecting the proceedings which led to the prior conviction, on their face, raise a presumption that the conviction is constitutionally infirm, and (2) the apparent constitutional infirmity is of the type which undermines both the integrity and reliability of the determination of guilt. *Edwards*, 479 N.E.2d at 547. The defendant has the burden of producing evidence in support of his defense that a prior conviction is constitutionally facially invalid. *Smith v. State* (1985), Ind., 477 N.E.2d 857, 865.

█ State's exhibit 12, a printed form which allowed the individual completing it to fill in the available blanks in accordance with the answers given by a particular defendant, provided:

> [England] stated further in answer to the Court that he was without counsel and that he did not desire counsel to defend him herein.

Apparently, the trial court found England had not sustained his burden of proof in showing that the court records reflecting the proceedings which led to the prior conviction, on their face, raise a presumption that the conviction is constitutionally infirm. The trial court apparently chose not to believe England's unsupported and self-serving declarations made during his offer to prove that he had been indigent and without counsel. The trial court did not err in denying England's objection. The proper forum to contest the validity of the prior conviction is in a direct attack in the court of conviction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.