**Warren G. LEVI, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–9306–CR–195.**

Court of Appeals of Indiana, Fifth District.

Jan. 31, 1994.

Transfer Denied March 30, 1994.

John S. Brumfield, Special Public Defender, Muncie, for appellant-defendant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Appellant–Defendant Warren G. Levi appeals his conviction for Burglary, a Class C felony[1] raising three issues for our review which we rephrase as:

1) Did reversible error occur when the trial court permitted the State to introduce evidence of Levi's prior burglary conviction?

2) Should a conversation between Levi and a State's witness have been excluded as inadmissible hearsay?

3) Did the trial court err by permitting the State to introduce certain exhibits into evidence?

We affirm.

■ The facts[2] most favorable to the judgment reveal on Saturday, September 26, 1992 at approximately 12:00 noon, Ball State University Professor Judith Roepke was on campus and present in the Practical Arts Building. As she left the building Professor Roepke noticed the door to Room 150 was unlocked. The Professor locked the door and while exiting the building she encountered a man later identified as Levi wearing red sweatpants and a black cap.

Approximately one half hour later Professor Roepke returned to campus and saw a man leaving the Practical Arts Building wearing red sweatpants and a black cap and carrying two sacks over his shoulder. The Professor entered the building and discovered the door to Room 150 unlocked and ajar. Inside the room several pieces of computer equipment were missing, and a number of other computers had been disconnected. Professor Roepke immediately called campus police, reported a burglary, and gave a description of the person she had seen leaving the building.

While responding to the call, campus police officer Vickie Johnson, was diverted by a multi-car traffic accident. She stopped to investigate and realized the driver of one of the cars matched the description of the burglary suspect. Shortly thereafter another campus police officer, Detective Sergeant Steve Hiatt, arrived on the scene. He advised Levi of his *Miranda* rights and received Levi's consent to search the trunk of the car. The search revealed several items of computer equipment to which were affixed Ball State University inventory control tags. A subsequent search of the apartment where Levi's girlfriend lived revealed several more items of computer equipment also owned by Ball State University. Levi was arrested and charged with burglary. The case proceeded to trial by jury. During its case in chief the State introduced evidence of Levi's prior burglary conviction. Testimony revealed that in 1988, Levi was discovered in the same building, in the same room, unplugging and stacking computer equipment. The evidence was introduced over Levi's objection. Levi was found guilty as charged and the court sentenced him to eight years in prison. He now appeals.

I.

■ Levi first contends the trial court erred by allowing into evidence testimony

1. Ind.Code § 35–43–2–1.

2. We note the statement of facts contained in Levi's brief is a summary of each witness's trial testimony. We have repeatedly stated that the appellate rules contemplate a narrative statement of the facts; a witness by witness summary of the testimony is not a statement of facts within the meaning of Ind.Appellate Rule 8.3(A)(5). *Hoover v. State* (1991), Ind.App., 582 N.E.2d 403, *adopted,* (1992), Ind., 589 N.E.2d 243. We admonish counsel that failure to abide by the rules of procedure may result in waiver of issues presented for review.

concerning his prior burglary conviction. The State counters the testimony was properly admitted to show intent.

■ The law in this jurisdiction is well settled. Evidence of prior criminal acts are inadmissible unless introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334 (adopting Federal Rule of Evidence 404(b)). Even if otherwise admissible, the evidence is inadmissible if the danger of unfair prejudice to the defendant substantially outweighs the probative value of the evidence. *Hardin v. State* (1993), Ind., 611 N.E.2d 123.

■ Recently our supreme court granted transfer to address questions concerning the admissibility of prior conduct under the intent exception of Federal Rule of Evidence 404(b) and thus under Indiana Rule of Evidence 404(b).[3] After examining the approaches taken by various jurisdictions, the court concluded "Indiana is best served by a narrow construction of the intent exception in Evid.R. 404(b)." *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 799. This narrow construction does not permit the general use of prior conduct evidence as proof of the general or specific intent element in criminal offenses. *Id.* Rather, the intent exception is available only when the defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent either in opening statement, by cross examination of the State's witnesses, or presentation of the defendant's own case in chief. *Wickizer*, at 800. Thereafter, the State may respond by offering evidence of prior criminal conduct to prove the defendant's intent at the time of the charged offense. *Id.* The trial court must then determine whether to admit or exclude the evidence depending on whether "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Id.* citing Indiana Rule of Evidence 403.

In this case, the trial court allowed the State to introduce evidence of Levi's prior burglary conviction for the limited purpose of showing Levi's intent at the time of the charged offense. However, the evidence was presented during the State's case in chief. Other than generally denying his culpability by entering a plea of not guilty, Levi had not presented a claim of any particular contrary intent either in his opening statement or by cross-examination of the State's witnesses. Thus, under the authority of *Wickizer*, introduction of the prior crimes to show intent was erroneous.

■ However, not every trial error compels reversal. The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Jaske v. State* (1989), Ind., 539 N.E.2d 14.

■ In this case the jury's verdict is supported by substantial independent evidence of guilt. Professor Roepke observed Levi in the Practical Arts Building prior to the burglary, and later saw a man wearing similar clothing carrying two sacks from the building. A search of Levi's car a short distance from the campus revealed computer equipment taken from the building, and a search of the apartment leased by Levi's girlfriend revealed additional equipment also taken from the building. Further, Levi took the stand in his own defense, admitted his possession of the computer equipment, but claimed he purchased them from a person he identified as "Steve". Obviously the jury was not bound by Levi's contention. We are satisfied there was no substantial likelihood the extrinsic offense evidence contributed to Levi's conviction. The error in its admission was harmless.

## II.

■ Levi next contends the trial court erred in admitting hearsay testimony. At

---

**3.** Rule 404(b) was included in the Indiana Rules of Evidence adopted by the supreme court on August 24, 1993, with an effective date of January 1, 1994.

trial Professor Roepke testified she engaged Levi in conversation as she was leaving the Practical Arts Building. The Professor related Levi's statements that he was not a student but found Muncie a great place to live. According to Levi, Professor Roepke's testimony regarding this conversation amounts to hearsay and should not have been admitted into evidence. This argument lacks merit.

■ Hearsay is an out-of-court statement offered to prove the truth of the facts contained therein and rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Miller v. State* (1991), Ind., 575 N.E.2d 272, 275. The record is clear that the statements were not offered for their truth; rather, they were offered to demonstrate that Professor Roepke had an opportunity to speak with Levi and thus was able to identify him at trial. We find no error.

### III.

■ Finally, Levi assaults the propriety of the trial court admitting various photographs into evidence. He complains of State's Exhibit Nos. 4, 5, 6, 8, 11, 12, 26, 27, and 28, all of which are photographs of the computer equipment found in Levi's car and in his girlfriend's apartment. As best we can determine, Levi contends the State introduced the exhibits without first establishing a proper foundation. Because Levi does not support his contention with either cogent argument or citation to authority this issue is waived. *Keller v. State* (1990), Ind., 549 N.E.2d 372. Waiver notwithstanding Levi's contention is meritless.

■ A proper foundation necessary to authenticate a photograph such that it may be admitted into evidence is testimony by a witness that the picture is a true and accurate representation of the evidence portrayed. *Labelle v. State* (1990), Ind., 550 N.E.2d 752. Here, Officer Hiatt identified the computer equipment depicted in the aforementioned exhibits as that found in Levi's trunk and in the apartment leased by Levi's girlfriend. University officials Lois Gotwals and Carolyn Russell testified the computer equipment shown in States Exhibits Nos. 26, 27, and 28 was property taken from Ball State University. The pictures were properly admitted into evidence.

■ Levi also contends the trial court erred by admitting into evidence State's Exhibit No. 29 which is a photocopy of a consent to search form Levi executed granting campus police permission to search the apartment of Levi's girlfriend. Levi claims the original is the best evidence and the photocopy should not have been admitted because of the possibility that notations may have been present on the original which were not detected by the copying process. This argument also lacks merit.

■ Copies are admissible to the same extent as the original unless a genuine issue is raised as to the authenticity of the original, or under such circumstances that it would be unfair to admit the duplicate as an original. *Wilson v. State* (1976), 169 Ind.App. 297, 348 N.E.2d 90. Here, Levi does not complain the original document was not authentic. Nor does he direct our attention to any facts or circumstances explaining how or why it was unfair to admit the photocopy into evidence. His bald speculation the original may have contained notations not depicted on the photocopy is insufficient to overcome the general rule that copies are admissible to the same extent as the original. We also note, in a hearing conducted outside the presence of the jury, the trial court heard testimony from Officer Hiatt that there were no such notations. We find no error here.

■ Levi further complains the trial court erred in admitting into evidence State's Exhibit No. 33 which is a property report completed by campus police listing the items recovered from Levi's trunk. According to Levi the document contains hearsay. Admission of hearsay evidence is not grounds for reversal where the evidence is merely cumulative of other properly admitted evidence. *Hendricks v. State* (1990), Ind., 562 N.E.2d 725, 726. Officer Hiatt testified that each item listed in the report was found in the trunk of Levi's car. Thus, evidence in the report was merely cumulative of Officer Hiatt's testimony which was offered without

objection. Even assuming State's Exhibit No. 33 contained hearsay, any error in admitting the exhibit into evidence was harmless.

Judgment affirmed.

SHARPNACK, C.J., and NAJAM, J., concur.