35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond D. MARKLEY, Jr., Plaintiff-Appellant,
v.
J.E.A.N. TEAM, et al., Defendants-Appellees.
 No. 93-2030.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Raymond D. Markley, Jr., proceeding pro se, appeals from the district court's grant of summary judgment to all defendants in this civil rights action under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Markley was convicted in an Indiana state court of four felony counts of dealing Lysergic Acid Diethylamide ("LSD") and four felony counts of possession of LSD. Markley v. State, 603 N.E.2d 891, 892-93 (Ind.Ct.App.1992). He is serving a twelve-year sentence in an Indiana prison for these convictions. Markley was also convicted by another Indiana jury of two misdemeanor charges of possession and dealing of marijuana.
 
 
 3
 During the pendency of these criminal proceedings, Markley filed this complaint under 42 U.S.C. Sec. 1983 in the district court. The complaint alleges that, over a period exceeding six months, two confidential informants employed by the Joint Effort Against Narcotics (the "J.E.A.N. Team"),[1] a cooperative investigative effort between the Grant County Sheriff's Department and the Marion Police Department, threatened Markley with physical violence, damaged his property, and physically assaulted him. The complaint alleges that this conduct forced Markley to sell marijuana and LSD to the informants, resulting in his state court convictions. The complaint alleges that there was a "dereliction of duty" on the part of the defendants in failing to arrest the informants, who were allegedly being protected by the J.E.A.N. Team. The complaint also asserts that Markley was subject to excessive bail of $100,000. Markley amended his complaint to assert, in addition (1) there was an unreasonable warrantless search and seizure of his residence which resulted in his arrest and (2) state law claims against the defendants for assault, battery, malicious prosecution, and defamation of character. The amended complaint seeks compensatory damages of up to $1.5 million and punitive damages of up to $1 million.
 
 
 4
 The Supreme Court has recently addressed whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. Sec. 1983. In Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Court held as follows:
 
 
 5
 [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Sec. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983. Thus, when a state prisoner seeks damages in a Sec. 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.
 
 
 6
 Heck, 114 S.Ct. at 2372-73 (emphasis in original) (footnotes omitted).
 
 
 7
 Markley's federal claims which have not been waived are barred under Heck.[2] Markley's amended complaint makes clear that his claims concerning the defendants' use of the two confidential informants necessarily would imply the invalidity of his state convictions. The amended complaint alleges:
 
 
 8
 As a proximate result of the unlawful and unconstitutional threats and acts of violence by the defendants, by and through their confidential informants, against the plaintiff, said plaintiff was forced, coerced, persuaded, and/or entrapped into committing acts, which the plaintiff was not predisposed to commit; which he would not otherwise have committed; and which the defendants contend amounted to the unlawful sale of illegal drugs to their Confidential Informants.... [T]he plaintiff avers that these defendants undertook unlawful, malicious and unconstitutional acts to ensure that the plaintiff was prosecuted and convicted for the alleged offenses resulting from the defendants [sic] investigation.
 
 
 9
 Since Markley has failed to demonstrate the invalidity of his state convictions, these claims are not cognizable under 42 U.S.C. Sec. 1983. Id. at 2372.
 
 
 10
 Markley's federal claims for false arrest and for an unreasonable warrantless search and seizure of his residence are also barred under Heck. Markley's false arrest claim implies that his arrest was unlawful, which would require him to negate elements of the offenses of which he has been convicted. Id. at 2372 n. 6. Markley's unreasonable warrantless search and seizure claim does not necessarily imply that his convictions are unlawful. Id. at 2372 n. 7. "In order to recover compensatory damages, however, the Sec. 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, ... which ... does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Id. (emphasis in original). Neither in his complaint nor in his appellate brief does Markley identify any actual, compensable injury resulting from the allegedly unreasonable search and seizure other than his convictions and sentences.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court found that the J.E.A.N. Team is not subject to suit as a separate legal entity. Mem. Order at 5-6 n. 4. Markley does not challenge this finding on appeal
 
 
 [2]
 Markley has not challenged the district court's grant of summary judgment to the defendants on his state law claims of assault, battery, malicious prosecution, and defamation of character, and his federal claim of excessive bail. Markley has also not raised these claims. E.g., Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 5 (7th Cir.1992); Smith v. Town of Eaton, Indiana, 910 F.2d 1469, 1471 (7th Cir.1990), cert. denied, 499 U.S. 962 (1991); Cannon v. Teamsters & Chauffeurs Union, Local 627, 657 F.2d 173, 177-78 (7th Cir.1981); see also Fed.R.App.P. 28 (a)(5)