**Raymond K. BOWEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 46A05–9506–CR–202.

Court of Appeals of Indiana.

Sept. 20, 1996.

Transfer Granted Nov. 26, 1996.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant–defendant.

Pamela Carter, Attorney General of Indiana, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for appellee–plaintiff.

SHARPNACK, Chief Judge.

Raymond K. Bowen appeals his conviction for burglary, a class C felony. Bowen raises the following three issues for our review which we restate as:

(1) whether the trial court denied Bowen a fair trial when it instructed any juror who might favor an acquittal to "consider whether the doubt in his mind is a reasonable one, when it makes no impression on so many jurors who are equally honest, who have heard the same evidence, and who are equally sworn to arrive at the truth";

(2) whether the trial court erroneously instructed the jury as to the elements of burglary; and

(3) whether the prosecutor's closing arguments suggested to the jury that it may consider Bowen's prior convictions as evidence of Bowen's propensity to commit the crime charged.

We reverse and remand.

The facts most favorable to the conviction follow. On June 27, 1991, Bowen and Terry Clark broke a window of the Fair Muffler building and then entered through it. Police officers were dispatched to the scene after

the men inadvertently activated the silent alarm. Both men were taken into custody.

On June 28, 1991, the State charged Bowen with one count of burglary pursuant to Ind.Code § 35–43–2–1. After a jury trial beginning on May 19, 1992, the jury found Bowen guilty of burglary. On July 13, 1992, the trial court conducted a sentencing hearing and sentenced Bowen to eight years. After further procedural activity not relevant to our review, Bowen filed this appeal.

I.

█ The first issue for our review is whether the trial court erred by reading final instruction 16 to the jury. Bowen argues that the use of this instruction was erroneous because it denied him the right to a fair trial, the right to a unanimous jury, and the right to equal protection.

. █ Before addressing the merits of this argument, we note that Bowen failed to object to the instruction at trial. Generally, failure to object to an instruction at trial waives appellate review of the issue. *England v. State*, 530 N.E.2d 100, 102 (Ind.1988). Nevertheless, the issue may be addressed if the error asserted constitutes fundamental error. *James v. State*, 613 N.E.2d 15, 25 (Ind.1993). Fundamental error is error that is a "substantial blatant violation of basic principles rendering the trial unfair to the defendant." *Townsend v. State*, 632 N.E.2d 727, 730 (Ind.1994); *see Faulisi v. State*, 602 N.E.2d 1032, 1038 (Ind.Ct.App.1992), *trans. denied* (defining fundamental error as error so blatant and prejudicial that if not corrected would deny the defendant due process). The appellant has the burden of proving that the error is fundamental. *Townsend*, 632 N.E.2d at 730.

Bowen alleges that the trial court committed fundamental error.[1] Bowen claims that the instruction violated his right to a fair trial under the federal and state constitutions because: (1) the instruction urged the jury to consider facts outside the evidence and the arguments presented at trial; (2) the

instruction violated his right to an impartial judge and jury; (3) the instruction diluted his presumption of innocence; and (4) the instruction invaded the province of the jury as the sole judge of his innocence or guilt. Bowen also argues that the instruction violated his right to have his guilt determined by a unanimous jury as guaranteed by Indiana Constitution. Finally, Bowen argues that the instruction denied him the right to equal protection pursuant to the state and federal constitutions.

During the trial, the judge gave the following final instruction to the jury:

"Each juror's verdict must be his/her own and it should not be made out of a need to agree with everyone else. Yet, in order to bring twelve minds to the same decision, jurors have to respect and listen to one another's opinions honestly.

*A juror who disagrees with the others, should consider whether the doubt in his mind is a reasonable one, when it makes no impression on so many jurors who are equally honest, who have heard the same evidence, and who are equally sworn to arrive at the truth.* You do not have to give up conscientious conclusion, but it is your duty to be absolutely just to the people of the State of Indiana and to RAYMOND BOWEN.

In summary then, you should remember these two rules when you disagree with the other jurors:

1) Respect and consider the opinions of other jurors;

2) But in the end, reach your own decision."

Record, p. 86 (emphasis added).

█ Bowen challenges this instruction, which he characterizes as an "*Allen*" charge. The "*Allen*" charge, a designation attributed to the supplemental charge given by a trial judge to an apparently deadlocked jury, is so named after the first major case which considered the charge, *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). *Lewis v. State*, 424 N.E.2d 107, 109

---

1. Bowen also attempts to circumvent the waiver of his claim by arguing that trial counsel was ineffective for failing to object to the instruction at trial. However, given our holding that the use of the instruction constituted fundamental error, we need not reach the merits of this claim.

(Ind.1981), *reh'g denied.* Although the content of supplemental instructions varies from the substance of the instruction considered in *Allen,* collectively the charges are referred to as "*Allen* charges."[2] *See Lewis,* 424 N.E.2d at 109. While it is within the trial court's discretion whether to give an "*Allen*" charge, as an appellate court, we must determine the correctness of the charge by considering the facts of the case and the exact words used in the instruction. *Guffey v. State,* 179 Ind. App. 503, 508, 386 N.E.2d 692, 696 (1979). "It is when the trial court judges embellish the thrust of the [original *Allen*] charge that the potential for reversible error occurs." *Id.* The primary question to be resolved when an "*Allen*" type instruction is challenged is whether the trial court abused its discretion by "unduly commenting on, or giving emphasis to, certain matters of evidence by mandating a jury to act and deliberate in a certain manner or by intimidating the minority jurors into voting with the majority in order to reach a conclusion of the case, even though they might feel inclined to decide the case otherwise." *Lewis,* 424 N.E.2d at 109. The greatest potential harm of an "*Allen*" type instruction is that it contains an appeal to the jurors holding the minority position to reconsider their viewpoint in light of the majority's stance. *Id.*

In this appeal, the parties dispute whether instruction 16 constituted an "*Allen*" charge. Most of the caselaw which addresses "*Allen*" charges involves instances where the trial court read a supplemental instruction to a reportedly deadlocked jury. *See, e.g., Bailey v. State,* 669 N.E.2d 972 (Ind.1996); *Guffey,* 386 N.E.2d at 695; *Capitol Builders, Inc. v. Shipley,* 455 N.E.2d 1135 (Ind.1983); *Crowdus v. State,* 431 N.E.2d 796 (Ind.1982). Because the instruction here was given before deliberations began rather than after the jury reported a deadlock, the line of cases addressing the "*Allen*" charge is not directly applicable. *See Broadus v. State,* 487 N.E.2d 1298, 1303–1304 (Ind.1986) (holding harmless the use of a "modified" "*Allen*" charge as given with the initial set of instructions). Notwithstanding this determination, we find that the use of the instruction constituted fundamental error because it denied Bowen the right to an impartial jury and, therefore, requires reversal of his conviction.

■ A defendant has a right to a fair trial under both our state and the federal constitutions. U.S. CONST. amends. V, XIV; IND. CONST. art. I, § 12, 13. The right to fair trial necessarily includes the right to an impartial judge and jury. *Kennedy v. State,* 258 Ind. 211, 280 N.E.2d 611, 615 (1972). A trial judge must maintain an impartial manner and must refrain from any actions indicating any position other than strict impartiality. *Gordon v. State,* 645 N.E.2d 25, 27 (Ind.Ct.App.1995), *reh'g denied, trans. denied; Brannum v. State,* 267 Ind. 51, 54, 366 N.E.2d 1180, 1182 (1977). Our supreme court has noted the influence that a judge has over a jury as follows:

> "A jury of laymen will often have an awesome respect for the institution of the American trial judge. This can lead them to accord great and perhaps decisive significance to the judge's every word and intimation. It is therefore essential that the judge refrain from any actions indicating any position other than strict impartiality."

*Kennedy,* 280 N.E.2d at 620–621 (discussing the boundaries of a trial judge's authority to interrogate a witness). We find that the instruction here has two features which de-

---

2. In *Allen,* the Supreme Court paraphrased the supplemental instruction as follows:

"[A]lthough the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor, and with a proper regard and deference to the opinions of the other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority were for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority."

*Allen,* 164 U.S. at 501, 17 S.Ct. at 157.

nied Bowen the impartiality guaranteed to him as part of the right to a fair trial.

First, the instruction calls on a juror who has a reasonable doubt and who would favor an acquittal to reconsider that position while not similarly calling on a juror who favors a conviction to reconsider that position. It is interesting that the language of the challenged instruction here closely parallels that portion of the original *Allen* charge which was addressed to the minority of the jurors having a reasonable doubt: "if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself." *Allen*, 164 U.S. at 501, 17 S.Ct. at 157. However, unlike the present instruction, the *Allen* instruction also directed the minority jurors favoring a conviction to "ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority [of jurors seeking an acquittal]." *Id.* The instruction here is one-sided and against the defendant because it contains an appeal only to those jurors supporting an acquittal without a similar appeal to those jurors supporting a conviction.

Second, the instruction assumes that a juror with a reasonable doubt will be in the minority and will be thinking contrary to "so many jurors who are equally honest." Record, p. 86. This instruction conveys the message, perhaps subtle to be sure, that the judge believes that a majority of the jurors will seek a conviction. Again, this instruction is one-sided and against the defendant. Even an instruction that was similarly directed to a juror favoring a conviction, however, would be equally erroneous and prejudicial in the absence of a "balancing" instruction to a juror favoring an acquittal.

Such bias is exactly the result against which the right to an impartial tribunal is meant to protect. Thus, while probably inadvertently, the trial judge in this case, by using an instruction that admonished any juror who might favor an acquittal to reconsider that position, created the impression that he had "abandoned his position of im-

partiality and neutrality." *See Kennedy*, 280 N.E.2d at 621. As a result, Bowen was denied his right to a fair trial. *See id.* at 615.

■ In rendering this decision, we are mindful of our duty to consider the instructions as a whole. *See Chambers v. State*, 551 N.E.2d 1154, 1159 (Ind.Ct.App.1990). An error in an instruction will not warrant reversal unless "it is of such a nature the entire charge of which it is a part misleads the jury on the law of the case." *Markley v. State*, 603 N.E.2d 891, 894–895 (Ind.Ct.App.1992), *trans. denied.* While considering the instructions in this case as a whole makes it clear that the trial judge otherwise instructed the jury thoroughly and well, we find that the error in instruction 16 misleads the jury as to the law with respect to the conduct of their deliberative process in an impartial way. As previously noted, the instruction creates the impression of partiality on the part of the judge in favor of a conviction. This impression is not diminished simply because the jury was instructed about Bowen's presumption of innocence and the requirement to be proven guilty beyond a reasonable doubt. Rather, we find that the instruction denied Bowen his fundamental right to be judged by an impartial jury because, by using the instruction, the trial judge suggested that those jurors seeking a conviction had the stronger, more appropriate position. Therefore, we hold that the use of this instruction constituted fundamental error. *See Townsend*, 632 N.E.2d at 730.

## II.

■ Although we are reversing Bowen's conviction because he was denied the right to a fair trial, we must address the trial court's use of instruction 13, the burglary instruction, because a similar challenge is likely to reoccur. Bowen argues that the instruction diluted the State's burden of proving his specific intent by authorizing the jury to convict him of burglary upon a lesser *mens rea* of "knowingly."

Again, we note that Bowen also failed to object to this instruction at trial. As previously stated, the failure to object to an instruction at trial generally waives the issue on appeal. *England*, 530 N.E.2d at 102. To

circumvent the waiver doctrine, Bowen argues that the use of this instruction constituted fundamental error because it lowered the level of culpability necessary to convict him of the crime. He claims the instruction erroneously authorized the jury to convict him of burglary if he knowingly intended to commit theft. We disagree and hold that the instruction was proper. The challenged instruction provides:

"The crime of Burglary is defined by Statute as follows:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony.

To convict the defendant, the State must have proved each of the following elements:

The defendant:

1. *knowingly* or intentionally

2. broke and entered

3. the building or structure of Fair Muffler

4. with intent to commit a felony, theft, in it.

If the State failed to prove each of these elements beyond a reasonable doubt you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of burglary a Class C felony."

Record, p. 83 (emphasis added).

In support of his argument that this instruction enabled the jury to convict him of burglary based upon a finding that he knowingly intended the theft, Bowen cites one of the leading cases about the adequacy of attempted murder instructions, *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991). In *Spradlin*, our supreme court tried to resolve a conflict between two lines of cases addressing various challenges to attempted murder instructions. *See id.* at 950; *see also, Arthur v. State*, 663 N.E.2d 529, 531 (Ind.1996). The *Spradlin* court held that an instruction which purports to set forth the elements necessary to convict a defendant for attempted murder must "inform the jury that the State must prove beyond a reasonable doubt that the

defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing." *Spradlin,* 569 N.E.2d at 950. Bowen cites *Spradlin* to support his argument that "one may not be guilty of a specific intent crime ... for mere 'knowing' conduct." Reply brief, p. 8.

However, we find Bowen's use of *Spradlin* to be unpersuasive. The instruction in *Spradlin* involved an instruction for an attempted murder, which requires that the defendant be acting with the specific intent to kill. *See id.* While Bowen accurately states that a conviction for burglary requires "proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering," Bowen overlooks the express language of the challenged instruction. *See Johnson v. State,* 605 N.E.2d 762, 765 (Ind.Ct.App.1992), *trans. denied.* Unlike the present instruction, the attempted murder instruction given in *Spradlin* failed to inform the jury that it needed to find that at the time the Spradlins struck the victims, they intended to kill the victims. *Spradlin,* 569 N.E.2d at 951. This failure to so inform the jury is the basis for the supreme court's determination that the instruction did not identify the specific intent which the jury needed to find to convict the defendant. The instruction merely informed the jury that to convict the defendant, the State had to prove that the defendants knowingly or intentionally struck, stabbed and cut the body of the victim and that the conduct was a substantial step toward the commission of the crime of murder. *Id.* at 950.

In the present instruction, however, the jury was informed of the State's burden to prove that Bowen knowingly or intentionally broke and entered the building *with the intent to commit a felony.* Contrary to Bowen's suggestion, this instruction does not allow the jury to convict him for "knowing" conduct. Instead, it requires the jury to find that he intended to commit a felony at the time he knowingly or intentionally broke and entered the building. As such, we find no error. *See Gilliam v. State,* 508 N.E.2d 1270 (Ind.1987), *reh'g denied, trans. denied* (holding that to convict a defendant of burglary, the State must demonstrate that the defen-

dant *knowingly* or intentionally break and enter the building with the intent to commit a felony therein.)

Further, the instruction essentially tracks the language in the pattern jury instruction for burglary. *See* Ind. Pattern Jury Instruction 4.17 (2nd ed. 1991).[3] The commentary to the pattern instruction states that "[t]he Committee recommends that the jury be instructed that the offense must have been committed 'knowingly' or 'intentionally.'" *Id.* As such, we find that the jury was properly instructed on the elements of burglary.

■ We note that Bowen also attempts to circumvent the waiver of his challenge by arguing that trial counsel was ineffective because counsel failed to object to the instruction at trial. To prevail on a claim of ineffective assistance of counsel, Bowen must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's failure to function was so prejudicial as to deprive him of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 690–692, 104 S.Ct. 2052, 2066–2067, 80 L.Ed.2d 674 (1984); *Averhart v. State,* 614 N.E.2d 924, 930 (Ind.1993), *reh'g denied.* The appellant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068 (emphasis omitted). When an appellant predicates an ineffective assistance of counsel claim on counsel's failure to object, the appellant must demonstrate that a proper objection would have been sustained by the trial court. *Grigsby v. State,* 503 N.E.2d 394, 396 (Ind.1987).

However, given our finding that the burglary instruction was proper, Bowen cannot demonstrate that a timely objection by counsel to the instruction would have been sustained by the trial court. *See id.* at 396. Accordingly, Bowen has not demonstrated that his counsel's performance fell below an objective standard of reasonableness and, therefore, he failed to demonstrate that his counsel was ineffective. *See Strickland,* 466 U.S. at 690–692, 104 S.Ct. at 2066–2067.

### III.

■ Finally, we turn to Bowen's claim that he received the ineffective assistance of counsel because counsel failed to object to statements made by the prosecutor during closing arguments. Again, it is not necessary for us to address this issue because we are reversing Bowen's conviction on other grounds. Nevertheless, we will consider the impropriety of the prosecutor's statements here as a guide for future cases.

During the trial, Bowen testified that he did not enter the building with the intent to commit theft. Rather, he testified that he entered the building to get Clark, the other man arrested at Fair Muffler, out of the building. Also at trial, evidence of Bowen's prior conviction for burglary and theft was admitted without objection. Bowen concedes that the evidence of his prior convictions was properly used by the State to impeach his credibility as a witness. However, he claims that in closing arguments the State used the evidence of his prior convictions for an improper purpose. During closing arguments, the prosecutor stated in part that:

"[Defense counsel] mentioned that Raymond Bowen's got a past, he's got some criminal convictions, theft, burglary, those are truth or voracity [sic]. You're supposed to use that to judge his credibility, his testimony and you can use that. And I think you should use that. I think a per-

---

**3.** This instruction provides:

"The crime of burglary is defined by statute as follows:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony....

To convict the defendant, the State must have proved each of the following elements:

The defendant
1. knowingly or intentionally
2. broke and entered
3. the building or structure of [*name*]
4. with intent to commit a felony [*specify*] in it, to wit...."

son's behavior or conduct in the past indicates how they're gonna act in the present and in the future. I think that's only right and you should know that from your common sense and background."

Record, pp. 619–620. Bowen claims the statement was improperly used by the State to demonstrate his propensity to commit burglary, the so called "forbidden inference." *See Whitehair v. State*, 654 N.E.2d 296, 301 (Ind.Ct.App.1995).

The State argues that evidence of Bowen's prior convictions was properly admitted pursuant to Ind. Evidence Rule 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."[4] The State argues that it properly used the prior convictions in its closing arguments to demonstrate Bowen's knowledge that he was committing a crime at the time he entered the building. While we disagree with the State's contention that the prior convictions were properly used in the closing arguments to demonstrate Bowen's knowledge under the Evid.R. 404(b) exception, we find that the evidence could have been properly used to demonstrate Bowen's intent under the intent exception of Evid.R. 404(b).

Under the intent exception, evidence of a defendant's prior conduct may be used to demonstrate intent. However, our supreme court has held that "Indiana is best served by a narrow construction of the intent exception in Evid.R. 404(b)," and, therefore, the evidence may not be used as proof of the general or specific intent in criminal offenses. *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993); *Levi v. State*, 627 N.E.2d 1345, 1348

(Ind.Ct.App.1994), *trans. denied.* Rather, the intent exception is limited to cases where the defendant "goes merely beyond denying the charged culpability and affirmatively presents a claim of particular contrary intent...." *Levi*, 627 N.E.2d at 1348. The defendant may do so either in opening statements, by cross-examination of State's witnesses, or by the defendant's own case in chief. *Id.*

Here, Bowen's intent was disputed because he did not "merely [deny] the charge." At trial, Bowen claimed he entered the building because he told Clark "to come up out of [Fair Muffler] and [Clark] wouldn't come up out and I went inside to get him out." Record, p. 574. This defense goes beyond denying the charge and, instead, "affirmatively presents a claim contrary to the charge" so as to place Bowen's intent in dispute. *See id.* Thus, the use of Bowen's prior convictions would have been proper to demonstrate Bowen's intent. *See* Evid.R. 404(b).

However, it is clear from the prosecutor's statement and from the arguments presented in the appellee's brief that the prosecutor did not use Bowen's prior convictions to demonstrate his intent. Rather, the prosecutor seems to have used the statement that "I think a person's behavior or conduct in the past indicates how they're gonna act in the present and in the future" as an invitation for the jury to conclude that because Bowen had committed similar crimes before, he had done so again on this occasion. This statement was used to demonstrate Bowen's propensity to commit burglary, which is clearly improper. *See Whitehair*, 654 N.E.2d at 301.

Although Bowen's convictions could have been used to demonstrate Bowen's intent at the time he entered the building, the prosecutor in this case improperly used the prior convictions to demonstrate propensity to

---

4. In his brief, Bowen notes that Ind.Evid.R. 404(b) had not been adopted at the time of his trial. While Bowen is correct to the extent that our supreme court did not adopt Fed.Evid.R. 404(b) until October, 16, 1992, the substance of the present Ind.Evid.R. 404(b) is virtually identical to the prior standard of admissibility which applied at the time of Bowen's trial. *See Lannan v. State*, 600 N.E.2d 1334, 1339 (Ind.1992).

"The language of Fed.R.Evid. 404(b) also is consistent with this Court's prior descriptions of the general rule, save for the depraved sexual instinct exception. We have repeatedly held that evidence of other criminal activity is inadmissible, except where it may be used to prove intent, purpose, motive, identity, or common scheme." *Id.* at 1339, n. 11.

commit the crime. Because we reverse, however, we need not further address Bowen's claim that his counsel was ineffective for failing to object to the prosecutor's closing argument.

Therefore, as previously discussed, the use of instruction 16 violated Bowen's right to a fair trial. Thus, the conviction is reversed and this cause is remanded for a new trial.

REVERSED AND REMANDED.

STATON, J., concurs.

SULLIVAN, J., concurs as to issues I and II and concurs in result as to issue III.